UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-21559-Ungaro/Otazo-Reyes

COLIN BOWE and BRIAN MORGAN,
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.                         **CLASS ACTION**

PUBLIC STORAGE, a Maryland
Real Estate Investment Trust,

Defendant.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES IN
ITS ANSWER TO THE AMENDED CLASS ACTION COMPLAINT**

      Public Storage's affirmative defenses are insufficiently pled as a matter of law and should

be stricken.  In its Answer to the Amended Complaint, Public Storage asserted twenty-two

affirmative defenses.  [D.E. 80].  These "defenses" are nothing more than conclusory allegations

or formulaic recitations of the elements of a cause of action without any supporting facts.  As

such, these bare-bones allegations fail to satisfy the heightened pleading standard required to

plead an affirmative defense.  Moreover, six of Public Storage's affirmative defenses are simply

statements denying the validity of the Plaintiffs' claims.  Statements that merely deny or rebut a

claim are not proper affirmative defenses under the law.[1]  Accordingly, this Court should strike

Defendant's affirmative defenses.

**ARGUMENT**

      Federal Rule of Civil Procedure 12(f) allows the Court to strike "any insufficient

---

[1]     Rule 8 provides a list of appropriate affirmative defenses.  *See* Fed. R. Civ. P. 8(c) (listing the affirmative defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver).

defense" including those defenses that fail to provide fair notice of their basis or are nothing more than a denial of plaintiff's claims. Fed. R. Civ. P. 12(f); *e.g.*, *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (striking eight affirmative defenses that merely rebutted the plaintiff's claims); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *5 (S.D. Fla. Aug. 21, 2007) (striking affirmative defenses for failing to give the plaintiff fair notice of defense being asserted). Moreover, a court has "broad discretion" in granting a motion to strike, particularly where, as here, it is warranted. *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *5; *see e.g.*, *Anchor Hocking Corp., v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. Aug. 10, 1976) (granting motion to strike affirmative defense).

In applying Rule 12(f), this Court has joined the majority of other federal district courts and held that "[t]he Heightened Pleading Standard Articulated in *Twombly* and *Iqbal* Applies to Affirmative Defenses." *Castillo v. Roche Laboratories, Inc.*, No. 10-CV-20876, 2010 WL 3027726, at *1 (S.D. Fla. Aug. 2, 2010) (noting that "a majority of district courts in Florida have applied this heightened pleading standard to affirmative defenses."); *see also Holtzman v. B/E Aerospace, Inc.,* No. 07-80551, 2008 WL 2225668, at *2 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery."); *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *3 ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, n.3)). Accordingly, affirmative defenses are subject to the same

pleading requirements set forth in Fed. R. Civ. P. 8(a), as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under *Twombly* and *Iqbal*, "affirmative defenses must contain sufficient ***facts*** to 'raise a right to relief above the speculative level.'" *Castillo*, 2010 WL 3027726, at *3 (emphasis added) (quoting *Twombly*, 550 U.S. at 555); *accord Grovenor House, L.L.C. v. E.I. DuPont De Nemours & Co.*, No. 09–21698–CIV, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010) ("[T]he defendant must plead enough ***facts*** to state a claim to relief that is plausible on its face.") (emphasis added) (citing *Twombly*, 550 U.S. at 570)). Therefore, an affirmative defense "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678) (quoting *Twombly,* 550 U.S. at 555). In other words, "[t]hreadbare recitals . . . supported by mere conclusory statements, do not suffice." *Id.* Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Additionally, defenses that are merely denials of the Plaintiffs' allegations are not truly affirmative defenses. *See Barnes*, 718 F. Supp. 2d at 1173 (N.D. Cal. 2010) ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element . . . is not an affirmative defense."). An affirmative defense under the Federal Rules "does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Id.* (quotations omitted). Accordingly, affirmative defenses which are in fact, merely rebuttal of the plaintiffs' claims, should be stricken. *See id.*

In its Answer, Public Storage asserted twenty-two affirmative defenses. [D.E. 80]. Every one of Public Storage's affirmative defenses is nothing more than bare-bones allegations that lack any supporting facts. In addition, affirmative defenses 4 through 9 cannot properly be

3

alleged as affirmative defenses because they are merely denials of the Plaintiffs' claims rather than a true defense that would negate Public Storage's liability notwithstanding the merits of the claims.  Thus, as further demonstrated below, all of Public Storage's affirmative defenses must be stricken.

A.       **First Affirmative Defense:  Failure to State a Claim.**

*The Amended Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.*

Public Storage's first affirmative defense is that the Amended Complaint fails to state a claim.  But, Defendant articulates no basis for this purported defense, which alone renders it invalid, and the Court has already rejected this argument multiple times.  *See Castillo*, 2010 WL 3027726, at \*4 (striking "failure to state a claim" defense that "fails to notify Plaintiff of the deficiencies in the Complaint"); *Torres v. TPUSA, Inc.*, 2009 WL 764466, at \*1 (M.D. Fla. Mar. 19, 2009) (striking "failure to state a claim" defense that "provided [no basis] on which that Court can determine a plausible basis for this defense"); *see also Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (holding that "failure to state a claim" is not properly asserted as an affirmative defense).  If this defense is based on the same grounds as Defendant's Motion to Dismiss [D.E. 13], it is moot and should be stricken because the Court has already rejected those arguments.  *See* [D.E. 27]; s*ee also Grovenor House, L.L.C.*, 2010 WL 3212066, at \*4 (noting that the court had already denied a "Motion to Dismiss addressing these exact arguments," and thus a "failure to state a claim" defense was "clearly invalid as a matter of law"); *Boldstar Tech., LLC*, 517 F. Supp. 2d at 1292 ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case."); FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses).  Therefore, it is not properly asserted as an affirmative defense.".

4

**B.      Second and Third Affirmative Defenses:  Statute of Limitations & Lack of Standing.**

*The Amended Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the statute of limitations.*

*Plaintiff [sic] lacks standing to pursue their alleged claims for injunctive relief.*

In asserting these affirmative defenses, Public Storage provided no facts to explain how Plaintiffs' claims are barred by any statute of limitations or how the Plaintiffs lack standing. Defendant has utterly failed to demonstrate any factual allegation that could be construed as providing Plaintiffs with not only fair notice but the grounds upon which these defenses rest.  *See Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *3 ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.").  These defenses are nothing more than conclusory assertions that the Plaintiffs' claims are barred and should be stricken.  *See Castillo*, 2010 WL 3027726, at *4 (striking insufficiently pled statute of limitations defense);

**C.      Fourth Affirmative Defense:  No Irreparable Harm.**

*The Amended Complaint fails to state facts sufficient to state a claim for injunctive relief including the existence of irreparable harm.*

Public Storage again provided nothing more than a conclusory allegation.  Moreover, this allegation is not even an affirmative defense but merely a declaration that the Plaintiffs have not properly stated a claim for injunctive relief.  *See Barnes*, 718 F. Supp. 2d at 1173 ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element . . . is not an affirmative defense."); FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses).  An affirmative defense under the Federal Rules "does not negate the elements of the plaintiff's

claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Id.* (quotations omitted). In its Answer, Public Storage merely alleges that Plaintiffs' failed to properly allege irreparable harm. Accordingly, this allegation is not a proper defense and should be stricken. *See id.* (striking "affirmative defenses" which were in fact, merely rebuttal of the plaintiff's claims).

### D. Fifth Affirmative Defense: No Deceptive or Unlawful Act or Unfair Practice

*The Amended Complaint, and each and every cause of action alleged therein, is barred in whole or in part because Defendant did not have a duty to disclose the information that was allegedly omitted.*

Public Storage's fifth affirmative defense is a conclusory statement that merely denies the claims made in the Amended Complaint. Affirmative defenses that deny the Plaintiffs' claims are not truly affirmative defenses, but instead are merely "rebuttal of the [Plaintiffs'] claims." *Barnes*, 718 F. Supp. 2d at 1173; FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses). Because simple denials of claims are not affirmative defenses, this affirmative defense should be stricken. *See id.* Moreover, the affirmative defense contains no supporting factual allegations and should be stricken as insufficiently pled. *See Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2.

### E. Sixth, Seventh, and Eighth Affirmative Defenses: No Duty to Disclose; Causation; and No Reliance

*The Amended Complaint, and each and every cause of action alleged therein is barred in whole or in part because Defendant did not have a duty to disclose the information allegedly omitted.*

*Defendant's conduct was not the cause in fact or the proximate cause of any damages or potential damages alleged by Plaintiffs.*

*The Amended Complaint, and each and every cause of action alleged therein, is barred in whole or in part because Plaintiffs did not rely on any representation or statements alleged to be made by Defendant or any actionable omission attributed to Defendant.*

6

Like Public Storage's fifth affirmative defense, Public Storage's sixth, seventh, and eighth affirmative defenses are not affirmative defenses at all. At most, these so-called affirmative defenses are "merely rebuttal against the evidence presented by the [P]laintiff[s]." *Barnes*, 718 F. Supp. 2d at 1173; FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses). Moreover, these affirmative defenses allege no supporting facts to give the Plaintiffs fair notice of the defense or the grounds for the defense. Accordingly, because these affirmative defenses are merely rebuttal statements with no supporting facts, they are insufficiently pled and should be stricken. *See id.*; *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2.

### F.   Ninth Affirmative Defense: Actual Damages

*Plaintiffs have not suffered any legally cognizable damage or injury as a result of any actions taken by Defendant, and Plaintiffs are thereby barred from asserting any claim against Defendant based on claimed damages that are nominal, speculative, or premised upon subjective feelings of disappointment. Actual damages under FDUPTA cannot include consequential or special damages.*

Public Storage's ninth affirmative defense is again simply a denial of the Plaintiffs' allegations. Defendant has provided no basis upon which its defense stands and asserts no facts to support its proposition that the Plaintiffs suffered no damages. Affirmative defenses that deny the Plaintiffs' claims are not truly affirmative defenses but instead are merely "rebuttal of the [Plaintiffs'] claims." *Barnes*, 718 F. Supp. 2d at 1173 ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element . . . is not an affirmative defense."); FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses). Moreover, this Court has already rejected Public Storage's argument that the Plaintiffs failed to sufficiently plead actual damages. [*See* D.E. 27]. Because simple denials of claims are not affirmative defenses, these defenses should be stricken. *See id.*; *see also S.E.C. v. Hoffman*, No. 5:13–CV–455–OC–10PRL., 2014 WL 1478804, at *1 (M.D. Fla. Apr. 15, 2014) (striking defenses that were not affirmative

defenses "but rather, a challenge to the sufficiency of the pleadings" and "a denial of allegations in the . . . [c]omplaint.").

### G.    Tenth Affirmative Defense: Contributory Conduct

*The damages suffered by Plaintiffs, if any, were directly and proximately caused by Plaintiffs' own contributory conduct.*

Again, Public Storage provides no supporting facts to buttress this affirmative defense. As cited above, affirmative defenses that do not provide factual allegations cannot properly give plaintiffs fair notice of the nature of the defense or the grounds upon which the defense rests and do not meet the heightened pleading standard that courts apply.  *See Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *3.  Defendant provides no facts to indicate how the Plaintiffs possibly engaged in conduct that contributed towards the damages they suffered when Public Storage deceptively kicked back over 75% of each premium dollar to itself resulting in tens of millions of dollars of profit annually to Public Storage with no benefits whatsoever to Plaintiffs. Accordingly, this defense should be stricken.  *See, e.g.*, *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10–cv–28–SPM/AK, 2010 WL 4736830, at *3 (N.D. Fla. Nov. 16, 2010) (striking contributory negligence defense that did not set forth a "short and plain statement" explaining the factual basis for the defense) (citing *Twombly*, 550 U.S. at 555).

### H.    Eleventh Affirmative Defense: Failure to Mitigate Damages

*Plaintiffs failed to properly mitigate their alleged damages and therefore are precluded from recovering those alleged damages.*

Defendant's eleventh affirmative defense, like its others, is defectively pled because it fails to put Plaintiffs' on notice of the factual support on which this affirmative defense is based.  As this Court in *Castillo* held, affirmative defenses must contain more than bare-bones assertions and will be stricken if they fail to do no more than recite

8

conclusory allegations.  *See Castillo*, 2010 WL 3027726, at *4 (citing *Barnes*, 718 F. Supp. 2d at 1172).  Defendant failed to provide any facts to support its allegations and thus, this defense should be stricken.  *See id.* (holding that defendant failed to state facts to support its "failure to mitigate" defense).

### I.      Twelfth Affirmative Defense

*The claims of Plaintiffs are barred in whole or in part by the doctrine of avoidable consequences.*

Once again, Public Storage asserts an affirmative defense with no supporting facts to apprise the Plaintiffs of the grounds upon which the defense stands.  *See Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *3.  Public Storage provides nothing more than a conclusory allegation for an affirmative defense that does not exist.  *See* FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses).    Such allegations do not meet the heightened pleading standards applied by this Court and required under the Federal Rules of Civil Procedure.  *See Iqbal,* 556 U.S. at 678) (quoting *Twombly,* 550 U.S. at 555); *Castillo*, 2010 WL 3027726, at *1. Accordingly, this defense should be stricken.

### J.      Thirteenth Affirmative Defense: Failure to Plead Facts Sufficient to Support Punitive Damages

*Plaintiffs are not entitled to recover punitive damages and any averments with respect thereto should be stricken because:*

*a.  Plaintiffs have failed to plead facts sufficient to support averments of oppression, fraud and/or malice; and/or*

*b. Plaintiffs have failed to plead facts sufficient to support averments of gross or reckless disregard for the rights of Plaintiffs or that Defendant was motivated by evil motive or intent; and/or*

*c. Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such act, or had advanced knowledge of the unfitness, if any, of any employee or*

*employees who allegedly committed such act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.*

Defendant's thirteenth affirmative defense is nothing more than a recitation of the elements of proof required for a punitive damages claim coupled with a denial of Plaintiffs' allegations. However, "formulaic recitations of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Defenses that provide nothing more than bare-bones conclusions fail to meet the requirements of Federal Rule 8(c) and are routinely stricken. *See, e.g.*, *Grovenor House, L.L.C.*, 2010 WL 3212066, at *3. Moreover, affirmative defenses that simply deny a plaintiff's claims, or challenge the sufficiency of a plaintiff's pleadings, are not proper affirmative defenses. *See Hoffman*, 2014 WL 1478804, at *1 (striking defense that merely challenged the sufficiency of the pleadings); *Barnes*, 718 F. Supp. 2d at 1173 (striking defenses that only rebutted the plaintiff's claims); FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses). Accordingly, because this defense merely recites the elements of a cause of action and denies the Plaintiffs' claims with no factual support, this defense should be stricken.

### K.     Fourteenth Affirmative Defense: Good Faith

*Defendant and its agents acted reasonably and in good faith, with probable cause, at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted and conformed to all applicable laws, government regulations, and industry standards. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.*

Once again, Public Storage asserts an affirmative defense with no supporting facts to apprise the Plaintiffs of the grounds upon which the defense stands. *See Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *3. Public Storage provides nothing more than a conclusory allegation and states generally that based on all relevant facts and circumstances that it acted in good faith yet fails to provide a single specific fact to support its defense – likely, because none exist. No such affirmative defense exists and the allegations do not meet the heightened pleading

standards applied by this Court and required under the Federal Rules.  *See Iqbal,* 556 U.S. at 678) (quoting *Twombly,* 550 U.S. at 555); *Castillo,* 2010 WL 3027726, at *1; FED. R. CIV. P. 8(c) (listing appropriate affirmative defenses).  Accordingly, this affirmative defense should be stricken.

### L.      Fifteenth Affirmative Defense: Unclean Hands

*The Amended Complaint, and each and every cause of action alleged therein, are barred because Plaintiffs have been guilty of improper, inequitable, or wrongful conduct connected to the matters alleged in the Amended Complaint.*

Public Storage's fifteenth affirmative defense, like its others, is defectively pled because it fails to put Plaintiffs' on notice of the factual support on which this affirmative defense is based.  As this Court in *Grovenor House* held, an affirmative defense is deficiently pled where it fails to put plaintiff  "on notice of what actions or inactions . . . constitute this affirmative defense."  2010 WL 3212066, at *3.  Conclusory affirmative defenses, like this one, that do not provide supporting facts are insufficient and should be stricken.  *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1172 (striking unclean hands defense for failing to provide factual support).

### M.      Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses: Estoppel; Unjust Enrichment; Waiver; Laches; Release; and Accord and Satisfaction

*Plaintiffs are estopped by their conduct from recovering any relief under the Amended Complaint.*

*Plaintiffs would be unjustly enriched if they recovered any sums alleged in the Amended Complaint.*

*Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.*

*Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.*

*Plaintiffs' claims are barred, in whole or in part, by the affirmative defense of release.*

*Plaintiffs' claims are barred, in whole or in part, by the affirmative defense of accord and satisfaction.*

In its sixteenth through twenty-first affirmative defenses, Public Storage again relies on a series of basic conclusory statements. Public Storage, however, "fails to provide any facts, instead, just alleging that the affirmative defense exists." *Barnes*, 718 F. Supp. 2d at 1172. These affirmative defense "labels" that Public Storage provides fail to allege any supporting facts and do not apprise the Plaintiffs of the grounds for the defense. *Iqbal,* 556 U.S. at 678; *see Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *3 ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests."). Therefore, affirmative defenses sixteen through twenty-one should be stricken. *See e.g.*, *Barnes*, 718 F. Supp. 2d at 1172—73 (striking sixteen affirmative defenses including laches, waiver, unclean hands, and unjust enrichment, for simply listing a series of conclusory statements with no supporting facts).

### N.    Twenty-Second Affirmative Defense: Defenses Under Federal Rules of Civil Procedure

*Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.*

In a seeming effort to hedge against failing to timely assert affirmative defenses, Defendant declares that any and all affirmative defenses contemplated by the Federal Rules are applicable to the Plaintiffs' claims. Defendant again provides no facts to support this affirmation and no fair notice to the Plaintiffs of the nature of its purported defenses. Such speculative, conclusory statements are the exact type of insufficient pleading that the Federal Rules are meant to protect against. *See Castillo*, 2010 WL 3027726, at *3 ("Under *Twombly* and *Iqbal*, affirmative defenses must contain sufficient facts to 'raise a right to relief above the speculative

12

level.'") (quoting *Twombly*, 550 U.S. at 555); *accord   Grovenor House, L.L.C.*, 2010 WL 3212066, at *1 ("[T]he defendant must plead enough **facts** to state a claim to relief that is plausible on its face.").  Public Storage must provide facts sufficient to give the Plaintiffs fair notice of the nature of, and the basis for, the affirmative defense.  *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *5.  Public Storage instead, has only provided speculation that it may be entitled to assert more affirmative defenses.   Accordingly, Public Storage's twenty-second affirmative defense should be stricken.

## CONCLUSION

Therefore, for the reasons expressed above, the Plaintiffs respectfully request that this Court strike Defendant's Affirmative Defenses.

Respectfully Submitted,

/s/ Seth E. Miles

Seth E. Miles, Esq.
Fla. Bar No. 385530
David M. Buckner, Esq.
Fla. Bar No. 60550
Brett E. von Borke, Esq.
Fla. Bar No. 0044802
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Blvd., Suite 1150
Coral Gables, FL 33134
Tel:  (305) 442-8666
Fax:  (305) 285-1668
Email:  dbu@grossmanroth.com
Email:  sem@grossmanroth.com
Email:  bvb@grossmanroth.com

and

Scott B. Cosgrove, Esq.
Fla. Bar No. 161365
James R. Bryan, Esq.
Fla. Bar No.  696862
Andrew B. Boese, Esq.

Fla. Bar No. 824771
Alec H. Schultz, Esq.
Fla. Bar No. 35022
Jared R. Kessler, Esq.
Fla. Bar No. 096020
LEON COSGROVE LLC
255 Alhambra Circle, Suite 424
Coral Gables, FL 33134
Tel:  (305) 740-1975
Email: scosgrove@leoncosgrove.com
Email:  jbryan@leoncosgrove.com
Email:  aboese@leoncosgrove.com
Email:  aschultz@leoncosgrove.com
Email:  jkessler@leoncosgrove.com

*Counsel for Bowe and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically via the Court's CM/ECF system on all counsel of record on this 19th day of November, 2014.

/s/ Seth E. Miles
sem@grossmanroth.com