UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-21559-CIV-UNGARO/OTAZO-REYES

COLIN BOWE and BRIAN MORGAN,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

vs.

PUBLIC STORAGE, a Maryland
Real Estate Investment Trust,

    Defendant.
_____/

## ORDER

On December 11, 2014, the undersigned held a continued hearing on Defendant Public Storage's ("Defendant") Motion for Protective Order Re: Plaintiffs' Deposition Subpoena to Wynn Ferrell (hereafter, "Motion Re: Ferrell Deposition") [D.E. 84]; and a hearing on Defendant's Motion to Terminate and Limit Depositions of Putative Class Declarants and for Sanctions (hereafter, "Motion to Limit Depositions") [D.E. 90]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Ursula Ungaro, United States District Judge [D.E. 87, 94]. In accordance with the undersigned's rulings at the hearing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion Re: Ferrell Deposition [D.E. 84] is DENIED IN PART. Wynn Ferrell shall appear for deposition pursuant to the Amended Subpoena issued by Plaintiffs, on a date and time that is mutually agreeable for all concerned. Prior to Wynn Ferrell's deposition, Defendant's counsel, Newport Trial Group shall produce, to the extent is has not already done so, all non-privileged documents responsive to the Amended

Subpoena and provide Plaintiffs with a privilege log, if appropriate. The deposition of Wynn Ferrell shall be limited to the topics listed in the Amended Subpoena's production request.

Defendant's Motion to Limit Depositions is predicated on the depositions heretofore taken of putative class declarants Martha Contreras ("Contreras") and Jane Trosdahl ("Trosdahl"). Defendant seeks an order: (i) terminating the deposition of Contreras; (ii) limiting the depositions of the remaining putative class declarants to three hours; (iii) limiting questions to the remaining putative class declarants to only factual inquiries within the scope of their declarations; and (iv) sanctioning Plaintiff's counsel for their purported conduct towards Contreras and Trosdahl. The undersigned has reviewed the video deposition of Contreras and the transcript of Trosdahl's deposition and finds no sanctionable conduct on the part of Plaintiffs' counsel. The undersigned also finds no basis for limiting the depositions of the remaining putative class declarants to three hours or limiting the scope of those depositions, particularly given that Plaintiffs' inquiry may properly extend to the Newport Trial Group's contacts with the putative class declarants. This determination is subject to the caveat, expressed at the December 11th hearing, that Plaintiffs' counsel should refrain from excessively repetitive questioning of the putative class declarants. Having viewed Contreras' non-responsive and obstructive conduct at her deposition, the undersigned doubts that its continuation would be productive but nevertheless declines Defendant's request to terminate the deposition and leaves it to Plaintiffs' counsel's discretion whether to engage in such exercise. Therefore, it is further

ORDERED AND ADJUDGED that Defendant's Motion to Limit Depositions [D.E. 90] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of December, 2014.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Ursula Ungaro
Counsel of Record