UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-CV-21559-UU

COLIN BOWE,

    Plaintiff,

v.

PUBLIC STORAGE,

    Defendant.
_____/

## THE CLASS' SECOND UNOPPOSED MOTION FOR APPROVAL OF CLASS NOTICE AND NOTICE PROGRAM

The Class' agreed upon proposed notices and unopposed notice program complies with Constitutional requirements of due process by providing the Class members with the best practicable notice reasonably calculated to apprise them about the lawsuit and their legal rights and options. Both the short-form and long-form notices are neutral, written in clear, straightforward language, and use a format that clearly sets out the relevant information. The Class' unopposed proposed notice program consists of providing the short-form notice to the Class members through email and United States mail and will direct the Class members to a website where the long-form notice will provide the Class members with additional information about the lawsuit. The website will also contain the pertinent pleadings and orders. In order to supplement the notice that will be sent directly to the Class members through email and United States mail, the Class will also publish the short-form notice in in the *Miami Herald* and the *Tampa Tribune*. Accordingly, the Class respectfully requests that the Court approve the Class' agreed upon proposed short-form and long-form notices and the Class' unopposed notice program.

1

## RELEVANT PROCEDURAL BACKGROUND

The Class filed its Amended Complaint on October 28, 2014 [D.E. 79] and its Motion for Class Certification on January 29, 2015 [D.E. 163]. The Court granted the Class' Motion for Class Certification on April 29, 2015. [D.E. 305]. The Court certified a national RICO class and two Florida subclasses. At the hearing on April 30, 2015, the Court instructed the parties to work together and agree on the content of a class notice and a notice program, which would be filed with the Court for approval no later than May 11, 2015. The Class on May 11, 2015, filed its Unopposed Motion for Approval of Class Notice and Notice Program. [D.E. 311]. On May 19, 2015, the Court entered its Omnibus Order Granting in Part and Denying in Part Public Storage's Motion for Summary Judgment [D.E. 313], in which the Court decertified the Class' breach of contract claim and the federal RICO claim. Shortly thereafter, the Court denied the Class' Unopposed Motion for Approval of Class Notice and Notice Program and ordered the parties to refile a notice program and notice in light of the Court's Summary Judgment Order. [D.E. 314].

After the hearing on April 30, 2015 and the Court's Summary Judgment Order, counsel for Public Storage and Class counsel discussed the short-form and long-form notices and a proposed notice program detailing what the notice program would include. The parties had numerous and extensive discussions about the notices and the notice program. The parties agreed to the content of the short-form notice (attached as Ex. A) and the long-form notice (attached as Ex. B) and on the following notice program: 1) the claims administrator will email the short-form notice to those Class members for whom Public Storage has email addresses; 2) the claims administrator will send the short-form notice on a postcard by United States mail to those Class members for whom Public Storage does not have email addresses; 3) the claims

administrator will post the long-form notice to a case specific website that will include additional information about the lawsuit and the Court's pertinent orders; and 4) the short-form notice will be published in the *Miami Herald* and the *Tampa Tribune*.

## ARGUMENT

The Class' agreed upon proposed short-form and long-form notices along with the unopposed notice program satisfy the Class members' Constitutional due process rights by providing the best practicable notice to them. Both notices contain all of the required information in a neutral, clear, and straightforward manner. Furthermore, the unopposed notice program is comprehensive and provides actual notice to the Class members through email and United States mail and constructive notice through publication in the *Miami Herald* and the *Tampa Tribune* and through an informational website. Accordingly, the Class respectfully requests that the Court approve the agreed upon notices and the unopposed notice program.

"For a court to exercise jurisdiction over the claims of absent class members, there must be minimal procedural due process protection." *Perez v. Asurion Corp.,* 501 F.Supp.2d 11360, 1377 (S.D. Fla. 2007); *see also Juris v. Inamed Corp.,* 685 F.3d 1294, 1317 (11th Cir. 2012) ("The notice provisions of Rule 23, which are meant to protect the due process rights of absent class members, set forth different notice requirements to different kinds of cases and even to different phases of same case.") (internal quotations omitted). To satisfy due process requirements the notice must be the "best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811-12 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). However, the "best practicable" notice standard does not require that every class member

3

actually receive notice. 5-23 Moore's Federal Practice - Civil § 23.102. "The relevant question is not whether every absent class member actually receives notice, but whether the notice that the court orders is reasonably calculated to reach the absent members. The fact that some class members may not actually receive timely notice does not render the notice inadequate as long as the class as a whole had adequate notice." *Id. See also Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) ("Courts have consistently recognized that, even in Rule 23(b)(3) class actions, due process does not require that class members actually receive notice); *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994) (explaining that the class notice standard is "best practicable" as opposed to "actually received"); *In re Adelphia Commc'ns Corp. Secs. & Derivatives Litig.*, 271 Fed. App'x 41, 44 (2d Cir. 2008) (holding that some class members may not actually receive timely notice does not render the notice inadequate so long as the notice was reasonably calculated to reach all members) (quoting *Weigner v. New York*, 852 F.2d 646, 649 (2d Cir. 1988) ("It is clear that for due process to be satisfied, not every class member need receive actual notice, as long as class counsel 'acted reasonably in selecting means likely to inform persons affected.'"); Newberg on Class Actions § 8:36 (5th ed.) ("[N]either Rule 23 nor the Constitution requires that a class member actually receive notice: notice suffices if it is reasonably calculated to reach the absent parties."). "In reviewing the class notice to determine whether it satisfies the [] requirements [of due process], we look solely to the language of the notices and the manner of their distribution." *Adams v. Southern Farm Beureau Life Ins. Co.*, 493 F.3d 1276, 1286 (11th Cir. 2007).

A.  THE CLASS' AGREED UPON PROPOSED SHORT-FORM AND LONG-FORM NOTICE SHOULD BE APPROVED BY THE COURT.

For any class certified under Rule 23(b)(3), notice to the class members "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition

of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). Here, both the Class' short-form and long-form notices comply with Fed. R. Civ. P. 23(c)(2)(B). Each is written in clear, straightforward language, and both notices use a format that sets out the relevant information in a question and answer form. Consistent with Fed. R. Civ. P. 23(c)(2)(B), the notices objectively and neutrally apprise the Class members of the nature of the action, the definition of the class that has been certified, the Class' claims and issues, that a Class member may enter an appearance through counsel if desired, that the Court will exclude from the Class any Class member who timely and validly requests exclusion, and the binding effect of a judgment on Class members under Rule 23(c)(3).

This Court in *Perez v. Asurion Corporation*, 501 F.Supp2d 1360, 1377 (S.D. Fla. 2007), approved the use of a short-form notice for a settlement class nearly identical in content as the Class' proposed short-form notice. (*Compare* Class' proposed short-form postcard notice, Ex. A *with Perez* short-form postcard notice Ex. C). As the Court in *Perez* noted, the short-form notice satisfied the requirements of Rule 23(c)(2)(B) by containing all of the required information and by referring to an informational website where class members could obtain additional information. 501 F.Supp2d at 1377. Similarly, this Court in *In re: Checking Account Overdraft Litigation* approved the use of a postcard notice for a settlement class again nearly identical in content as the Class' proposed short-form postcard notice here. (*Compare.* Class' proposed short-form postcard notice, Ex. A *with In re: Checking Account Overdraft Litig, MDL No. 2036* short-form postcard notice Ex. D). *See In re: Checking Account Overdraft Litig.* No. 1:09-MD-

02036-JLK (S.D. Fla. Jan. 14, 2015) (order approving use of postcard notice to Capital One Bank class). The outcome should be no different here and the Court should approve the Class' short-form and long-form notices.

> B. THE CLASS' UNOPPOSED NOTICE PROGRAM SATISFIES CONSTITUTIONAL DUE PROCESS REQUIREMENTS.

The Class' unopposed notice program is comprehensive and provides actual notice through email and United States mail and constructive notice through publication in the *Miami Herald* and the *Tampa Tribune* and an informational website. Courts have routinely held that notice programs that provide notice through a variety of media satisfy the requirements of Fed. R. Civ. P. 23. *See Kelly v. Phiten USA Inc.*, 277 F.R.D. 564, 569—70 (S.D. Iowa 2011) (approving class notice where direct notice was sent through email and constructive notice was provided by publication in two national publications and on defendant's Facebook page); *Browning v. Yahoo! Inc.*, 2007 WL 4105971, at *4-7 (N.D. Cal. Nov. 16, 2007) (finding that notice program consisting of email notice, mail notice, establishment of a website, and one-time publication in a national publication was "best practicable under the circumstances" under Rule 23(c)(2)(B) and satisfied due process); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1375—77 (S.D. Fla. 2007) (determining that notice provided by postcard mail, publication in a national periodical, internet website, and toll-free hotline "was sufficient to satisfy the requirements of due process" and provided the class with "the best practicable notice"). Here, the Class' unopposed proposed notice program should be approved.

> 1. *Email notice to the Class members is appropriate because Public Storage has email addresses for more than 80% of them and it is the primary method of communication between Public Storage and the Class.*

Courts consistently approve notice programs where notice is provided primarily through email, determining that email is an inexpensive and appropriate means of delivering notice to

6

class members. *Stuven v. Texas De Brazil (Tampa) Corp.*, 2013 WL 610651, at *6 (M.D. Fla. Feb. 19, 2013) (declining to "impose a presumption that notice by mail is the preferred method of providing notice" and approving notice by email); *Kelly*, 277 F.R.D. at 569-70; *Date v. Sony Elecs., Inc.*, 2008 U.S. Dist. LEXIS 56458, at *4 (E.D. Mich. July 25, 2008) (approving notice program where email was the primary means of notice, and only if the defendant did not have the class member's email address would the class member receive the short form notice by mail); *see also Guy v. Casal Inst. of Nevada, LLC*, 2014 WL 1899006, at *7 (D. Nev. May 12, 2014) (permitting notice in an opt-in class to be sent by email). For example, the court in *Kelly* only required that direct notice be sent to the class through the classes email addresses and Facebook notification. 277 F.R.D. at 569-70. The court in *Date* made email the primary method of notice, with short-form notice playing only a back-up role. 2008 U.S. Dist. LEXIS 56458, at *4. Furthermore, email notification is particularly appropriate where a majority of the defendant's contact and communications with class members occur electronically. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (approving settlement notice where only direct notice was sent through email and Facebook and constructive notice was provided through publication in *USA Today*, website, and toll-free number); *In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices and Products Liability Litig.*, 2010 WL 1993817, at *5 (S.D. NY. May 19, 2010) (approving settlement notice of consumer class of 350,000 individuals to be sent by either mail or email); *Kelly*, 277 F.R.D. at 569 (approving email notice "sent based upon [defendant]'s customer email data"); *Phelps v. MC Commc'ns, Inc.*, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) ("Email is an efficient, reasonable, and low-cost supplemental form of notice, particularly where Defendants may lack current physical mailing address information for its former employees."); *Farinella v. Paypal, Inc.*, 611 F.Supp.2d 250, 256 (S.D.N.Y. 2009)

7

(notice was effectuated by sending a "summary form of the Notice . . . to more than 2.2 million email addresses"); *see also Alequin v. Darden Restaurants, Inc.*, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013) ("courts in this Circuit commonly approve email notice to potential opt-in class members in FLSA cases."); *Cranney v. Carriage Servs., Inc.*, 2008 WL 608639, at *5 (D. Nev. Feb. 29, 2008) (permitting direct notice of opt-in class only through email while requiring constructive notice through publication).

Email notice to the Class members is particularly appropriate in this case because Public Storage has the email addresses for more than 80% of them and its primary method of communication with the Class was through email. Public Storage emailed the Class members on a monthly basis providing them with a copy of their monthly invoice and did not routinely communicate with them through United States mail. The fact that Public Storage communicates or previously communicated with the Class members through email creates a strong presumption that the email addresses are valid and operational. Accordingly, short-form email notice to the Class is appropriate. *See Lane*, 696 F.3d at 818; *In re Sony Corp.*, 2010 WL 1993817, at *5 (S.D. NY. May 19, 2010) *Kelly*, 277 F.R.D. at 569; *Phelps*, 2011 WL 3298414, at *6.

> 2. *Short-Form postcard notice via United States mail is appropriate to the remainder of the Class.*

Public Storage does not have email addresses for a small percentage of the Class. The Class proposes to have the claims administrator provide the short-form notice printed on a postcard and sent by United States mail to those Class members for whom Public Storage does not have email addresses. *See Lewis v. Wells Fargo & Co.*, No. C 08-02670, 2009 WL 3517660, * 4 (N.D. Cal. Oct. 26, 2009) ("The Court finds that providing notice by first class mail and email will sufficiently assure that potential collective action members receive actual notice of this case."); *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) ("It is

8

beyond dispute that notice by first class mail ordinarily satisfies rule 23(c)(2)'s requirement that class members receive 'the best notice practicable under the circumstances.'"). As described above, the short-form notice will refer the Class members to a case specific informational website where the long-form notice can be accessed and additional information about the lawsuit can be found. The Class' direct notice program consisting of email and United States mail satisfies the Class members' constitutional due process rights.

> 3. *The Class' constructive notice program is comprehensive and satisfies the Class' due process rights by publication of the short-form notice in the Miami Herald and Tampa Tribune and by publication of the long-form notice on an informational case specific website.*

In order to supplement the actual notice provided directly to the Class members by email and United States mail, the Class will also run the short-form notice once as an advertisement in the *Miami Herald* and the *Tampa Tribune*. Supplementing notice to Class members by publication in a newspaper is favored by courts as part of a comprehensive notice program. *See Perez*, 501 F.Supp.2d at 1375 (approving publication notice in *USA Weekend* as a way to supplement notice through email and U.S. mail). The *Miami Herald* circulates throughout South Florida, which is where a majority of Public Storage's facilities are located in Florida, and has a daily circulation of 141,188.[1] The *Tampa Tribune* circulates in the central and northern portions of Florida and has a daily circulation of 191,477.[2] These newspapers have a circulation that effectively covers Florida and will adequately supplement the direct notice the Class members receive through email and United States mail.

The Class' notice program also includes an informational website operated by the claims administrator with a case specific web address that will allow Class members using an internet

---

[1] *See* http://www.bizinvest-ltd.com/our-media/the-miami-herald.html (last accessed May 21, 2015).

[2] *See* http://tbo.com/pinellas-county/tampa-tribune-circulation-rises-significantly-b82485780z1 (last accessed May 21, 2015).

search engine to locate the website because its web address will be www.PublicStorageInsuranceLawsuit.com. This website will include the long-form notice, a section that allows the Class members to access and download relevant and important documents related to the case in .PDF format, will have a commonly asked questions section to assist Class members, the ability for Class members to opt-out electronically, and will provide Class counsel's contact information to allow Class members to direct any specific questions they may have to Class counsel.

## CONCLUSION

The Class respectfully requests that the Court approve the Class' agreed upon short-form and long-form notices and the Class' unopposed notice program.

Dated this 27th day of May, 2015.

                                                                Respectfully submitted,

                                                                 /s/ David M. Buckner
                                                                 David M. Buckner, Esq.
                                                                 Fla. Bar No. 60550
                                                                 Seth E. Miles, Esq.
                                                                 Fla. Bar No. 385530
                                                                 Brett E. von Borke, Esq.
                                                                 Fla. Bar No. 0044802
                                                                GROSSMAN ROTH, P.A.
                                                                2525 Ponce de Leon Blvd., Suite 1150
                                                                Coral Gables, FL 33134
                                                                Tel: (305) 442-8666
                                                                Fax: (305) 285-1668
                                                                Email: dbu@grossmanroth.com
                                                                Email: sem@grossmanroth.com
                                                                Email: bvb@grossmanroth.com

                                                                and

Scott B. Cosgrove, Esq.
Fla. Bar No. 161365
Alec H. Schultz, Esq.
Fla. Bar No. 35022
David A. Karp, Esq.
Fla. Bar No.  69226
LEON COSGROVE LLC
255 Alhambra Circle, Suite 424
Coral Gables, FL 33134
Tel:  (305) 740-1975
Email: scosgrove@leoncosgrove.com
Email: aschultz@leoncosgrove.com

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically via the Court's CM/ECF system on all counsel of record on this 27th day of May, 2015.

/s/ David M. Buckner
dbu@grossmanroth.com

## SERVICE LIST

David P. Ackerman, Esq.
Scott Jeffrey Link, Esq.
Kristen Lee McKeever, Esq.
Elio Raul Novoa, Jr.
Ackerman, Link & Sartory
777 South Flagler Drive, Suite 800 East
West Palm Beach, FL 33401
Tel: (561) 838-4100
Fax: (561) 838-5305
dackerman@alslaw.com
slink@alslaw.com
kmckeever@alslaw.com
rnovoa@alslaw.com


Steven A. Hirsch, Esq.
John Keker, Esq.
Paven Malhotra, Esq.
Erin E. Meyer, Esq.
David J. Silbert, Esq.
Anjali Srinivasan, Esq.
Quyen Ta, Esq.
Michelle Ybarra, Esq.
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415) 676-2286
Fax: (415) 397-7188
shirsch@kvn.com
jkeker@kvn.com
pmalhotra@kvn.com
emeyer@kvn.com
dsilbert@kvn.com
asrinivasan@kvn.com
qta@kvn.com
mybarra@kvn.com

*Attorneys for Defendant Public Storage*