UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:14-cv-21559-UU

COLIN BOWE,

    Plaintiff,

v.

PUBLIC STORAGE,

    Defendant.

                                    /

## ORDER

THIS CAUSE is before the Court upon Plaintiffs' Motion for Partial Summary Judgment as to Public Storage's Affirmative Defenses, D.E. 227. The Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

## BACKGROUND

The facts that give rise to this action have been set forth in detail in the Court's Order on Plaintiffs' motion for class certification, D.E. 305, and the Court's Omnibus Order, D.E. 313.

## LEGAL STANDARD

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this

burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## DISCUSSION

Plaintiff moves for summary judgment on all affirmative defenses that are not being treated as specific denials. These affirmative defenses include: (1) Statute of Limitations; (2) Contributory Conduct; (3) Mitigation; (4) Avoidable Consequences; (5) Unclean Hands; (6) Estoppel; (7) Unjust Enrichment; (8) Waiver; (9) Laches; (10) Release; and (11) Accord and Satisfaction. Public Storage opposes the relief sought and argues that Plaintiffs' Motion is premature. Public Storage contends that its affirmative defenses should be addressed during the claims administration phase of the class action if a jury determines that Public Storage is liable.

For support, Public Storage cites *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259-60 (11th Cir. 2003). Public Storage argues that *Allapattah* stands for the premise that the Court should not grant summary judgment against it on any of its affirmative defenses because to do so would be premature. Public Storage contends that it should be allowed to present its affirmative defenses at the claims administration phase.

The Eleventh Circuit in *Allapattah* agreed with the district court that the defendant in that class

action had the right to raise affirmative defenses in the nature of set-offs to individual claims for damages during the claims administration phase of a class action despite having never previously raised the defenses. *Id.* This was allowed, however, after a jury found that defendant was liable to the entire class. There is nothing in *Allapattah* that stands for the proposition that classwide **liability** defenses cannot be dealt with on summary judgment. There is also nothing in *Allapattah* precluding summary judgment on affirmative defenses to the extent they are applicable to the named Plaintiffs.

Based on the record before the Court, it appears that the following defenses should not be addressed until the claims administration process and, at this point, will not be dismissed from this action:

- Release
- Accord and satisfaction
- Waiver
- Avoidable consequences
- Failure to mitigate damages
- Unclean hands and equitable estoppel (these defenses will be dismissed as asserted against Bowe and Morgan)

The remaining defenses are appropriately addressed as affirmative defenses to liability and therefore should be tested on summary judgment.

### A.   Contributory Conduct

In response to Plaintiffs' Motion, Public Storage does not advance any argument regarding why its contributory conduct defense should not be dismissed, apart from its general argument that dismissal is premature.

"Contributory conduct" does not appear to be an affirmative defense under Florida law as it is not mentioned in any Florida case. Accordingly, this defense will be dismissed.

### B. Statute of Limitations and Laches

The state of limitations for a FDUTPA claim is four years. Fla. Stat. § 95.11(3). The Court has defined the Florida class pursuing FDUTPA claims as the following:

> All persons who rented storage units from Public Storage within the state of Florida and who purchased self-storage insurance policies through Public Storage after April 30, 2010.
>
> Excluded from this class are Public Storage, its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

D.E. 305 at 42. The class definition eliminates Public Storage's statute of limitations defense as there are no class members who "made allegedly excessive premium payments outside the applicable limitations period." D.E. 257 at 6.

Similarly, Public Storage's laches defense must also be dismissed because the statute of limitations has not expired on any class member's FDUTPA claim. *See Briggs v. Estate of Geelhoed By & Through Johnson*, 543 So. 2d 332, 333 (Fla. Dist. Ct. App. 1989) ("It has generally been held that laches does not come into play until the period prescribed by the applicable statute of limitations has expired.").

### C. Unclean Hands and Equitable Estoppel

Public Storage contends that these defenses are available because Bowe "admitted at deposition that he had stored ten to fifteen thousand dollars' worth of personal property in his storage unit in violation of a clause in the TIP insurance agreement limiting him to storing five thousand dollars' worth in

5

the unit." D.E. 257 at 8. According to Public Storage, Bowe would have paid a "much higher premium had he not misrepresented the true value of the stored property" and it is therefore inequitable to allow him to recover any portion of the TIP insurance premiums. *Id.* Based on this evidence, Public Storage contends that there may be similar inequitable acts by other class members that "would give rise to triable issues concerning unclean hands and estoppel." *Id.*

Public Storage has to satisfy two requirements to successfully invoke the doctrine of unclean hands. "First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993). "Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct." *Id.* at 451. "[C]ourts require the connection between the unclean-hands conduct and the matter in litigation to be very close." *Gastaldi v. Sunvest Resort Communities, LC*, No. 08-62076-CIV, 2010 WL 457243, at *9 (S.D. Fla. Feb. 3, 2010).

As to equitable estoppel, Public Storage "must have relied on its adversary's conduct in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler v. Cmty. Health Servs. of Crawford Cnty, Inc.*, 467 U.S. 51, 59 (1984) (internal quotations and citations omitted). "The essence of estoppel is that a person should not be permitted to unfairly assert inconsistent positions, but estoppel will not lie unless the party seeking to assert it was misled." *Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So. 2d 1096, 1103 (Fla. Dist. Ct. App. 2006).

The provision of the lease agreement upon which Public Storage relies to argue that Bowe behaved wrongly states the following:

> Because the value of the personal property may be difficult or impossible to ascertain, Occupant agrees that under no circumstances will the total value of all personal property stored in the Premises exceed, or be deemed to exceed, $5,000.

D.E. 79-2 ¶ 5. This sentence is on page 2 of a 4-page document and is 2 lines in a 20-line, single-spaced paragraph. Bowe testified that he currently stores property that he estimated was valued between $10,000 to $15,000. D.E. 259-15 at 19, 153:4-18. Despite the price of goods stored in his unit, Bowe elected to obtain TIP insurance at a $2,000 coverage amount with a $9 per month insurance premium. D.E. 79-4.

Bowe's "misrepresentation" does not establish a genuine issue of material fact as to whether Public Storage's unclean hands and equitable estoppel defenses apply. This is because this "misrepresentation" is not directly related to this action, nor has Public Storage produced any evidence regarding how it relied to its detriment on Bowe's misrepresentation.

The only remaining claim in this action is Plaintiffs' FDUTPA claim, which generally alleges that Public Storage engaged in a deceptive trade practice by failing to disclose its receipt of the access fee from tenants' TIP insurance premiums. Bowe stored goods in his self-storage unit that were valued above the limit in his lease agreement. His alleged "misconduct" is not at all related to the claims asserted by Plaintiffs as it involves a different transaction, his initial rental of a self-storage unit, and does not concern how Public Storage represented itself in relationship to the TIP program. *See Gastaldi*, 2010 WL 457243, at *9 (finding Plaintiffs' inconsistent intentions with those stated in mortgage documents they signed were not related to action alleging that Defendant made deceptive and unfair

representations to induce plaintiffs to enter into mortgages). As such, the unclean hands defense must be dismissed.

Public Storage has also not shown how it relied on Bowe's misrepresentation to its detriment. It is unclear how Bowe's misrepresentation affected Public Storage at all. Bowe never attempted to recover anything, let alone $5,000, from Public Storage based on the value of goods he stored in his unit. Public Storage did not deviate from its usual manner of renting self-storage space and offering TIP insurance to Bowe based on this misrepresentation. Accordingly, summary judgment will be granted against Public Storage on these defenses against Bowe and Morgan. At this point, the Court does not address whether these defenses are available against other class members.

### D.     Unjust Enrichment

Public Storage alleges this defense as follows:

> Plaintiffs would be unjustly enriched if they recovered any sums alleged in the Amended Complaint. Plaintiffs' recovery of the access fee paid to Defendant would unjustly enrich Plaintiffs because they have received the insurance coverage that they paid for via their monthly premiums. In addition, some putative class members who submitted covered claims seeking recovery for the loss of their personal property under the TIP received payment for such claims.

D.E. 183 at 31.

Plaintiffs contend that this defense should be dismissed because should the jury find that Public Storage must return the access fee to the class, there is an inherent determination that collection of the access fee was unjust. Plaintiffs also argue that the Ernst & Young transfer pricing report "concluded that the access fee consisted of the total excess of the paid premiums above the amount that the insurer would expect to be paid in exchange for taking on the insurance risk." D.E. 227 at 11.

Public Storage contends that this defense is applicable because Plaintiffs did actually receive insurance for paying TIP insurance premiums, and some class members received payment under the TIP for claims submitted for loss of personal property. Therefore, Plaintiffs and class members should be precluded from recovering all of the access fees if class members did receive a benefit for paying these fees. Public Storage contends that a defense of unjust enrichment is necessary if a "'properly' priced TIP premium . . . would have been *higher* than the premium actually charged *minus* the access fee" because in that situation "a jury verdict awarding plaintiffs the entire access fee would indeed be excessive and unjust." D.E. 257 at 9.

In reply, Plaintiffs again restate their argument that damages in this case consist of all the access fees paid to Public Storage because the access fee constitutes the amount that "exceeded the exact amount actually required to provide the TIP insurance and given the insurer (PSICH) an industry-standard profit." D.E. 227 at 10.

To establish unjust enrichment, Public Storage must show:

> (1) a benefit was conferred upon [the party allegedly enriched], (2) that [the enriched party] either requested the benefit or knowingly and voluntarily accepted it, (3) that a benefit flowed to the [enriched party], and (4) that under the circumstances, it would be inequitable for the [enriched party] to retain the benefit without paying the value thereof.

*CMH Homes, Inc. v. LSFC Co., LLC*, 118 So. 3d 964, 965 (Fla. Dist. Ct. App. 2013) (quoting *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 303 (Fla. Dist. Ct. App. 1999)).

This defense suffers from the same defects as Plaintiffs' RICO and breach of contract claims - it requires figuring out the value of the PSTIP to determine the value that was conferred upon class

9

members.  Just as Plaintiffs have not set forth any evidence as to what they should have paid for the PSTIP, Public Storage can also point to no evidence as to what Plaintiffs should have paid for the PSTIP.  Accordingly, this defense is due to be dismissed. There are other defenses available, such as accord and satisfaction and release, which will allow Public Storage to contend that certain class members cannot recover damages if they have received insurance payments from the PSTIP.

## **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion for Partial Summary Judgment, D.E. 227, is GRANTED IN PART and DENIED IN PART in accordance with this Order.

DONE AND ORDERED in Miami, Florida, this _26th_ day of June, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record