**SETTLEMENT AGREEMENT AND RELEASE**
**Morgan v. Public Storage**
**Case No. 14-21559-CIV-UNGARO**

This Settlement Agreement and Release ("Agreement") is made and entered into this 9th day of October, 2015, by and among (1) Plaintiff Brian Morgan, for himself and on behalf of the Settlement Class ("Plaintiff"), and (2) Defendant Public Storage ("Public Storage") (together, the "Parties"), subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.  As provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Order and Judgment, all claims of the Settlement Class against Defendant in the action titled *Morgan v. Public Storage*, Case No. 14-21559-CIV-UNGARO (S.D. Fla.) (the "Action"), shall be settled and compromised upon the terms and conditions contained herein.

**I.      Recitals**

1. On April 30, 2014, then-plaintiff Colin Bowe filed the Action, a class action complaint, in the United States District Court for the Southern District of Florida.

2. On September 5, 2015, prior to September 8, 2015, the date on which the Action was to proceed to trial, the Parties reached a settlement, the terms of which are set forth in the Settlement Term Sheet signed by the parties on September 5, 2015.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

**II.     Definitions**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

1

3.  "Class Counsel" means:

David M. Buckner, Esq.
Seth E. Miles, Esq.
Brett E. von Borke, Esq.
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, Ste. 1125
Miami, FL 33134

Scott B. Cosgrove, Esq.
Alec H. Schultz, Esq.
LEÓN COSGROVE, LLC
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134

4.  "Class Period" means the period from May 1, 2010 through June 18, 2015.

5.  "Court" means the United States District Court for the Southern District of Florida.

6.  "Effective Date" means the fifth business day after which all of the following events have occurred:

    a.  Plaintiff and Public Storage have executed this Agreement;

    b.  The Court has entered the Final Approval Order; and

    c.  The time for seeking rehearing or appellate or other review has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or *certiorari* could be taken has finally expired and relief from a failure to file same is not available.

7.  "Final Approval" means the date that the Court enters an order and judgment granting final approval to the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the incentive award to Plaintiff Brian

2

        Morgan. In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

8. "Final Approval Hearing" means the hearing set pursuant to Section IX hereof.

9. "Final Approval Order" means the order and judgment that the Court enters upon Final Approval. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Approval Order includes all such orders.

10. "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

11. "Notice Program" means the methods provided for in this Agreement for giving the Notice.

12. "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first mailed or published, and that ends on the date set by the Court. The deadline for the Opt-Out Period will be specified in the Notice, subject to Court approval.

13. "Released Parties" means all persons and entities receiving a release under Section XIII below.

14. "Releasing Parties" means all persons and entities giving a release under Section XIII below.

15. "Settlement Administrator" means AB Data. The Parties may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally.

16. "Settlement Fund" means the common fund established under Section X hereof.

**III.** **Certification of the Settlement Class**

17. For settlement purposes only, the Plaintiff agrees to ask the Court to certify the following "Settlement Class" under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

All persons who rented storage units from Public Storage within Florida and who purchased self-storage insurance policies through Public Storage from May 1, 2010 to June 18, 2015. Excluded from this class are Public Storage, its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

**IV.   Settlement Consideration**

18. Defendant will establish and maintain in a bank account of its choosing a five million dollar ($5,000,000.00) common fund (the "Settlement Fund") for the compensation of the Settlement Class.

19. The Common Fund is the maximum total amount that Public Storage shall pay pursuant to this settlement.

**V.   Settlement Approval**

20. Upon execution of this Agreement by all Parties, Class Counsel will move the Court for an Order granting preliminary approval of this Settlement ("Preliminary Approval Order").

**VI.   Discovery**

21. Although the parties do not anticipate the need for such discovery, if necessary, Defendant will cooperate with Class Counsel by making relevant data available to Class Counsel and the Settlement Administrator to facilitate the provision of notice and the distribution of the Settlement Fund.

**VII.   Settlement Administrator**

22. The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but

4

not limited to, providing Mailed Notice and Email Notice to Settlement Class Members and distributing the Settlement Fund.

23. The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

   a. Obtain from Class Counsel or elsewhere name and address information for Settlement Class Members (to the extent it is available), for the purpose of mailing the Mailed Notice and Email Notice, and later mailing settlement checks, as appropriate, to Settlement Class Members;

   b. Establish and maintain the Settlement Website;

   c. Respond to any mailed Settlement Class Member inquiries;

   d. Process all requests for exclusion from the Settlement Class;

   e. Provide a report to Class Counsel and Public Storage that summarizes the number of requests for exclusion received and other pertinent information;

   f. In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies each Settlement Class Member who timely and properly requested exclusion from the Settlement Class;

   g. Process and transmit distributions to Settlement Class Members from the Settlement Fund; and

   h. Pay invoices, expenses and costs upon approval by Class Counsel and Public Storage, as provided in this Agreement.

## VIII. Notice to Settlement Class Members

24. Notice will be provided in the same manner that notice was previously provided to the FDUTPA Class after it was certified by the Court. The text and format of the notice and

5

claims documentation will be mutually agreed to by the Parties, subject to approval by the Court. Notice shall be paid for from the Settlement Fund discussed in Section X below.

25. Upon Preliminary Approval of the Settlement, the Settlement Administrator shall implement the Notice Program.

26. The Notice shall include a procedure for Settlement Class Members to opt out of the Settlement Class. A Settlement Class Member may opt out of the Settlement Class at any time during the Opt-Out Period. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement upon final approval of it by the Court.

27. The Notice shall include a procedure for Settlement Class Members to object to the Settlement or any aspect of it. Objections to the Settlement must be mailed to the Clerk of the Court, Class Counsel, and Public Storage's counsel. For an objection to be considered by the Court, the objection must be received by the Court on or before the last day of the Opt-Out period, as specified in the Notice. Settlement Class members will have 60 days from the date of the mailing of notice to the Settlement Class to object to, or opt out of, the Settlement.

28. For an objection to be considered by the Court, the objection must also set forth (subject to approval by the Court):

    a. the name of the Action;

    b. the objector's full name, address and telephone number;

    c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

6

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

j. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

   k. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

   l. the objector's signature (an attorney's signature is not sufficient).

29. The Settlement Administrator shall perform, to the extent practicable, reasonable address traces for all mailed and e-mailed notices that are undeliverable. The Settlement Administrator will endeavor to re-mail or e-mail notices to those Settlement Class Members whose new addresses were identified as of that time through address traces or otherwise.

30. Class Counsel and Public Storage will work together in good faith to facilitate the Notice Program and to address any issues that arise.

## IX. Final Approval Order and Judgment

31. Plaintiff's motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.

## X. Settlement Fund

32. As noted above, Public Storage will establish a five million dollar ($5,000,000.00) Common Fund for the compensation of the Settlement Class.

33. Class Counsel's fees and costs, the costs of notice and claims administration, and a $10,000 incentive award for Brian Morgan, will all be deducted from the Settlement Fund, subject as appropriate to Court approval. Costs of notice and claims administration will be billed directly to Public Storage, with a copy to Class Counsel, and will be paid from the Settlement Fund upon billing.

34. Any funds remaining in the Settlement Fund after the payment of claims, fees and costs referenced herein (including costs of notice and claims administration) and the incentive award will revert to Public Storage.

8

## XI. Calculation of Distributions from Settlement Fund

35. The Settlement Class members' claims will be paid out of the Settlement Fund on a claims-made basis as follows:

   a. Each valid claimant shall receive a maximum of 50% of his or her Alleged Damages, where Alleged Damages is defined as the portion of tenant insurance premiums that the claimant paid during the Class Period that Plaintiff and the Class allege went to an access fee to Public Storage;

   b. If the total amount of such valid claims exceeds the amount of the Net Settlement Fund (as defined below), each valid claimant shall receive a pro rata share of the Net Settlement Fund based on the amount of his or her Alleged Damages.

36. Settlement Class members will be required to submit claims that include their name, the Public Storage facility from which they rented and the dates of rental via a claim form that can be submitted either electronically or by mail. If a Settlement Class member is unable to provide all of this information but the claim can still be verified through Public Storage's records, their claims will be paid. Settlement Class members will have 60 days from the date of the mailing of notice to the Settlement Class to file a claim (the "Claims Period").

## XII. Distribution of the Net Settlement Fund

37. As soon as practicable, the Settlement Administrator shall distribute payments from the Net Settlement Fund as provided in Section XI above to all Settlement Class Members who have made claims as set forth above. After the close of the Claims Period, the Settlement Administrator will provide Class Counsel and Public Storage with a spreadsheet or similar list of claimants and the amount of their allowed claims (pursuant

9

to paragraphs 35(a) or (b) as the case may be). Public Storage will then wire transfer to the Settlement Administrator funds sufficient to pay all of these claims.

38. The Net Settlement Fund is equal to the Settlement Fund less the following:

   a. the amount of the Court-awarded attorneys' fees, costs and expenses to Class Counsel;

   b. the amount of the incentive award to Plaintiff Brian Morgan;

   c. the amount of the incurred costs, and a reserve for the prospective costs, of notice and settlement administration; and

   d. all other costs and/or expenses incurred in connection with the Settlement not specifically enumerated in subsections (a) through (c) of this paragraph that are expressly provided for in this Agreement or have been approved by Class Counsel and Public Storage, or the Court.

**XIII.  Releases**

39. As of the Effective Date, Plaintiff and each Settlement Class member who does not timely opt out of the Settlement, shall be deemed to have released Public Storage, its affiliated companies, and their officers, employees, directors, and agents of and for all claims that were brought or could have been brought by them in this litigation. For clarity, claims for property damage or other losses covered by the tenant insurance offered at Public Storage's facilities are not included in this release and will be unaffected by this settlement.

40. As of the Effective Date, Public Storage, its affiliated companies, and their officers, employees, directors, and agents, shall be deemed to have released Plaintiff and the Settlement Class, and their attorneys and agents, of and for all claims that were or could

be brought against any of them arising from the bringing or conduct of this litigation or the bringing of the claims set forth in the Complaints filed by Plaintiff.

### XIV. Payment of Attorneys' Fees, Costs, and Incentive Award

41. Public Storage will oppose any fee request by Class Counsel that exceeds 25% of the Settlement Fund, but will not oppose Class Counsel's request for reimbursement of documented costs and expenses actually incurred and paid. Plaintiff agrees not to seek more than 35% of the Settlement Fund for attorneys' fees. Any award of attorneys' fees, costs, and expenses to Class Counsel shall be payable solely out of the Settlement Fund.

42. Within ten business days of the Effective Date, Public Storage shall pay from the Settlement Fund to Class Counsel all Court-approved attorneys' fees, costs, and expenses of Class Counsel.

43. Class Counsel will ask the Court to approve an incentive award of $10,000 to Plaintiff Brian Morgan, to be paid from the Settlement Fund. The incentive award shall be paid to Plaintiff Morgan in addition to his Settlement Class Member Payments. Public Storage agrees not to oppose Class Counsel's request for the incentive award.

44. The Parties negotiated regarding attorneys' fees and costs and the incentive award only after reaching agreement on all other material terms of this Settlement.

### XV. No Admission of Liability

45. This Settlement Agreement represents a settlement of disputed claims. It is not, and shall not be construed to be, an admission of any liability or wrongdoing.

46. Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the

merits of the Action. Class Counsel have fully investigated the facts and law relevant to the merits of the claims, have conducted extensive discovery, and have conducted independent investigation of the allegations in the Amended Complaint. Class Counsel have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

## XVI. Miscellaneous Provisions

47. <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

48. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties. The Parties will not appeal any ruling in this case apart from rulings relating to this Settlement Agreement.

49. <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement. This obligation of the Parties to support and complete the Settlement shall remain in full force and effect, regardless of events that may occur, or court decisions that may be issued in this case or in any other case in any court.

50. <u>Obligation To Meet And Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

51. <u>Integration</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof, and specifically

incorporates and replaces the Settlement Term Sheet previously agreed to by the Parties. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

52. <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

53. <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Florida, without regard to the principles thereof regarding choice of law, except to the extent federal law controls the issue in dispute

54. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

55. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their

respective agreements to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

56. <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by e-mail and facsimile with a hard copy sent by overnight mail to:

David M. Buckner, Esq.
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666
Facsimile: (305) 285-1668
Email: dbu@grossmanroth.com

All notices to Public Storage, provided for herein, shall be sent by e-mail and facsimile with a hard copy sent by overnight mail to:

David J. Silbert, Esq.
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA 94111
Email: dsilbert@kvn.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

57. <u>Modification and Amendment</u>.  This Agreement may be amended or modified only by a written instrument signed by counsel for Public Storage and Class Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

58. <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

59. <u>Authority</u>.  Class Counsel (for the Plaintiff), and counsel for Public Storage (for Public Storage), represent and warrant that the persons signing this Agreement on behalf of their clients have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiff and Public Storage to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

60. <u>Agreement Mutually Prepared</u>.  Neither Public Storage nor Plaintiff, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

61. <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they:  (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  Public Storage has provided information that Plaintiff reasonably requested to identify Settlement Class Members and calculate and verify the damages they incurred. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any

15

additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

62. <u>Receipt of Advice of Counsel.</u> Each Party acknowledges, agrees, and specifically warrants that he, she or it has fully read this Agreement and the Releases contained in Section XIII hereof, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Dated: 10/9/15

Brian Morgan
*Plaintiff*

Dated: 10-9-2015

David M. Buckner, Esq.
Seth E. Miles, Esq.
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, Suite 1150
Miami, Florida 33134
*Class Counsel*

Dated: 10-9-2015

Scott B. Cosgrove, Esq.
Alec H. Schultz, Esq.
LEÓN COSGROVE, LLC
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
*Class Counsel*

16

Dated: 10.9.15

PUBLIC STORAGE
By: DAVID SILBERT
Its: AUTHORIZED REPRESENTATIVE
*Defendant*

Dated: 10.9.15

David J. Silbert, Esq.
Keker & Van Nest LLP
633 Battery Street
San Francisco, CA 94111
*Counsel for Defendant*